# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL PEMBERTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. CIV 14-511-JHP-SPS |
| ROBERT PATTON, et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on Defendants Robert Patton, Debbie Morton, and Mark Knutson's motion to dismiss and the court's own motion to consider dismissal of this action as frivolous under 28 U.S.C. § 1915(e). The court has before it for consideration plaintiff's complaint (Dkt. 1), the defendants' motion (Dkt. 34), and plaintiff's response (Dkt. 46).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF), in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at DCF. The defendants are DOC Director Robert Patton, Former DOC Director Justin Jones, Former DOC Administrative Review Manager Debbie Morton, DOC Administrative Review Officer Mark Knutson, DCF Warden Tim Wilkinson, DCF Chief of Security Mr. Gentry, Former DCF Principal of Education Mr. Williams, DCF Grievance Coordinator/Unit Manager Rebecca Adams, and DCF Corrections Officer

Underwood.[1, 2]

On July 8, 2015, plaintiff was directed to show cause why the unserved defendants should not be dismissed from this action for his failure to serve them within 120 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m) (Dkt. 53). Plaintiff's responses to the show-cause order (Dkts. 54, 55) claim the Marshals Service failed to serve these defendants at the address he provided on the USM-285 forms. Plaintiff listed the service address for Defendants Wilkinson, Underwood, Adams, Gentry, Williams, and Jones as "C/O Governor of the State of Oklahoma, Mary Fallin, State Capitol, 2300 N. Lincoln Blvd., Suite 212, Oklahoma City, OK 73105" (Dkts. 24, 25, 26, 27, 28, 30). He claims this address was valid, because it was for the "Chief Executive Officer," pursuant to Fed. R. Civ. P. 4(j)(2)(A). The unexecuted forms, however, clearly advised plaintiff that the Marshals Service was unable to serve the defendants at that address.

Plaintiff further claims that because he requested and was denied a court-appointed process server (Dkts. 39, 45), he has shown good cause for his failure to serve these defendants. The court previously has advised plaintiff that it is his responsibility to provide the Marshals Service with proper addresses for service of the defendants under the Federal Rules of Civil Procedure (Dkt. 45). Because there is no evidence he attempted to provide the correct service information to the Marshals Service, the court finds he has failed to show good cause as directed, and Defendants Wilkinson, Underwood, Adams, Gentry, Williams, and Jones are dismissed without prejudice from this action.[3]

---

[1] To the extent the DOC defendants are sued in their official capacities as state officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Only defendants Patton, Morton, and Knutson have been served.

[3] Defendant Jones was not specifically named in the show-cause order (Dkt. 53), but the deficiency in the attempted service of Jones is the same as that for the other unserved defendants.

Plaintiff's complaint is rambling and difficult to understand, but the court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff alleges DCF has no method of duplicating documents for inmates in the presence of the inmates, so they must give their legal materials to staff for copying, with no assurance that the documents are not read or that copies are not made for opposing parties. He claims that on or about July 19, 2012, he gave legal documents to DCF Library Supervisor Patty Farris for copying, and the documents were held by staff for three days in violation of the Fourth Amendment. (Dkt. 1 at 10). On August 15, 2012, he filed a grievance to address this issue, but his efforts to use the grievance procedures were sabotaged, resulting in his denial of access to the courts to pursue meritorious cases.

Plaintiff further alleges former DOC Director Justin Jones and Jones' successor Defendant DOC Director Robert Patton had a duty to supervise all Oklahoma prisons and the administrative operations procedures of the private prisons. Plaintiff contends his right of access to the courts was denied, but he does not allege any facts directly involving Director Jones or Director Patton. Instead, he claims these two defendants were responsible for the actions of the private prison officials, and they had a duty to uphold the constitutional rights of inmates.

Plaintiff claims Defendant Morton, the former manager of the DOC Administrative Review Authority, ignored his grievances and retaliated against him for filing grievances. In addition, Morton allegedly sabotaged his efforts by placing him on grievance restriction on September 10, 2012, thus denying his right to access the courts through judicial review. (Dkt. 7 at 15). He complains that Morton rejected his grievance appeal without explaining what she meant when she stated his grievances were "not according to policy." He further

---

Furthermore, as with Jones' successor, plaintiff alleged no facts showing Jones personally participated in the alleged constitutional violations.

asserts Morton is "affirmatively linked" to his Fourth Amendment claims by virtue of her position as a supervisor over corrections officers.

Plaintiff also complains that in December 2013 Defendant Knutson violated his right of access to the courts by returning unanswered his grievance appeal regarding his requests for legal and writing materials. (Dkt. 7 at 41). Knutson allegedly returned the grievance to sabotage plaintiff's ability to seek judicial review. On January 27, 2014, Knutson returned unanswered plaintiff's grievance appeal, because it did not match the issues in the referenced Request to Staff. (Dkt. 7 at 50).

Defendants Patton, Morton, and Knutson allege plaintiff has failed to show their personal participation in the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

Defendant Morton also alleges plaintiff's claims against her are barred by the statute of limitations. The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Plaintiff claims Morton placed him on grievance restriction on September 20, 2012, so his claims against her arose then. This complaint, however, was not filed until November 20, 2014, more than two years later.

After careful review, the court finds plaintiff's allegations against Defendants Patton, Morton, and Knutson are vague and conclusory, and the allegations do not rise to the level

4

of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)). Pursuant to 28 U.S.C. § 1915(e), the court therefore denies plaintiff's claims against Defendants Patton, Morton, and Knutson as frivolous. All remaining pending motions are denied as moot.

**ACCORDINGLY,** Defendants Tim Wilkinson, Corrections Officer Underwood, Rebecca Adams, Mr. Gentry, Mr. Williams, and Justin Jones are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to serve them in accordance with Fed. R. Civ. P. 4(m). Defendants Robert Patton, Debbie Morton, and Mark Knutson are DISMISSED WITH PREJUDICE for failure to show they personally participated in the alleged constitutional violations. This action is, in all respects, DISMISSED AS FRIVOLOUS, pursuant to 28 U.S.C. § 1915(e)(2)(B), and this dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 3rd day of September 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma