# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

PAUL PEMBERTON, )
)
          Plaintiff, )
)
v. ) No. CIV 14-511-JHP-SPS
)
ROBERT PATTON, et al., )
)
          Defendants. )

## OPINION AND ORDER

Plaintiff Paul Pemberton has filed a motion to alter or amend the judgment in this action (Dkt. 58), which the court construes as a motion pursuant to Fed. R. Civ. P. 59(e). He contests the court's assessment that his complaint "is rambling and difficult to understand" (Dkt. 56 at 3), and he purports to clarify the facts and the current law at issue in his case through 11 "points."

"[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id*. at 1324 (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). As discussed below, plaintiff has failed to meet these standards.

**Point 1:** Plaintiff alleges the court's Opinion and Order failed to comply with the requirements of *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), because it failed to set forth the factors for dismissing with prejudice Defendants Robert Patton, Debbie

Morton, and Mark Knutson. *Ehrenhaus* concerned the dismissal of a case with prejudice as a sanction for the plaintiff's willful failure to appear at a scheduled deposition, after having been warned by the court that he would be subject to sanctions for not attending the deposition. *Id*. at 918. This situation was not present in plaintiff's case, so the *Ehrenhaus* factors for dismissal as a sanction were not relevant.

Furthermore, the court was not required to invite plaintiff to amend his complaint. Plaintiff was on notice of Defendants Patton, Morton, and Knutson's motion to dismiss (Dkt. 34), and he responded to their allegations in his response (Dkt. 46). If plaintiff wanted to amend his complaint, he could have filed a motion pursuant to Fed. R. Civ. P. 15. "Although we construe [plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

**Point 2:** Plaintiff contends the court incorrectly held that his claims against the Department of Corrections defendants in their official capacities were barred by the Eleventh Amendment (Dkt. 56 at 2 n.1), because they were sued in their individual capacities. The court recognized plaintiff's individual-capacity claims against Defendants Patton, Morton, and Knutson and dismissed the claims because of the lack of personal participation by these defendants. Furthermore, plaintiff's claims against Defendant Morton in her individual capacity also was dismissed as barred by the statute of limitations.

With respect to plaintiff's claim for injunctive and declarative relief, this action was dismissed in all respects (Dkt. 56 at 5). Plaintiff only presented conclusory allegations of constitutional violations and failed to demonstrate he was entitled to relief on any of his claims. Therefore, his requests for declaratory and injunctive relief regarding his claims were meritless.

**Point 3:** Plaintiff claims the court's Opinion and Order based its legal conclusions on the "wrong facts." (Dkt. 58 at 5). He also asserts he intended to have all the defendants served at one time, and he "made no severance requests" of the court or the United States

Marshals Service concerning service of the defendants. *Id.* at 6. Instead, he intended to have all defendants served at the same time by giving a copy of the service documents to the Chief Executive Officer of the State of Oklahoma. He apparently is arguing that the Marshals Service failed to follow his directions, so the Marshals service should have requested new directions from plaintiff when service could not be completed.

Although plaintiff contends he followed the requirements of Fed. R. Civ. P. 4, the court advised that it was his responsibility to provide the Marshals Service with accurate addresses for the defendants. (Dkt. 45). Furthermore, plaintiff's addressing the USM-285 forms to the Governor of Oklahoma was improper, and he failed to show cause why the unserved defendants should not be dismissed. (Dkt. 56 at 2).

**Point 4:** Plaintiff complains of the court's characterization of his complaint as rambling, and he asserts the court misapprehended the facts concerning alleged federal and state search and seizure violations. The complaint claimed the Davis Correctional Facility (DCF) corrections officers illegally took his legal documents and read the documents outside of his presence. He contends Defendant DOC Director Jones and his successor Robert Patton were liable for these violations under Oklahoma law, because Jones allegedly violated the contract he signed to administer all correctional facilities and services, and Jones had authority to change the challenged policies and customs. Regarding Defendant Morton of the Administrative Review Authority, plaintiff alleges she had personal knowledge of the DCF officers' conduct, but she acquiesced and condoned the conduct without stopping it.

The court dismissed Defendants Patton, Morton, and Jones from this action for plaintiff's failure to show their personal participation, "an essential allegation in a § 1983 action." (Dkt. 56 at 4 (quoting *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)); Dkt. 56 at 2-3 n.3. In addition, plaintiff's claims against Morton were barred by the statute of limitations. (Dkt. 56 at 4). Plaintiff has presented no arguments to overcome this determination.

**Point 5:** Plaintiff asserts the court's Opinion and Order "suggests that Defendant Morton sabotaged his exhaustion efforts by placing him on grievance restriction, thus denying his right to access the courts through judicial review." (Dkt. 58 at 11). He further claims the defendants' motion to dismiss presented no proof that there was an available remedy for his grievance. As discussed above, however, the claims against Defendant Morton were barred by the statute of limitations.

**Point 6:** Plaintiff alleges his complaint asserted that "Defendant Knutson is a participant in depriving plaintiff of the tools necessary to pursue non-frivolous claims." (Dkt. 58 at 13). Knutson allegedly acted as the Administrative Review Authority over the inmate grievance procedures and sabotaged plaintiff's efforts to exhaust his administrative remedies. Knutson also allegedly failed in his duty to uphold plaintiff's First Amendment rights by condoning and acquiescing to the constitutional violations in plaintiff's grievances. (Dkt. 58 at 14).

Defendant Knutson was dismissed from this action for plaintiff's failure to show Knutson's personal participation in the alleged violations. (Dkt. 56 at 4). "Furthermore, the denial of a grievance without a connection to an alleged constitutional violation, does not satisfy the personal participation requirement. *Id.* (citation omitted).

Plaintiff also claims Defendant Gentry, who was not served, failed to provide state and federal legal materials, white paper, black pens, large envelopes, and photocopying services. *Id.* Plaintiff's allegations against Mr. Gentry cannot be considered, because plaintiff failed to serve this defendant. *Id.* at 2.

**Point 7:** Plaintiff reiterates his previous "points" concerning the personal participation of Defendants Patton, Morton, and Knutson. (Dkt. 58 at 16-19). He again claims Defendant Patton is "linked" to the alleged First Amendment violations through Oklahoma law. *Id.* at 16-17. This civil rights action, however, is governed by 42 U.S.C. § 1983, and "a violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

4

Plaintiff also restates his analysis of the personal participation of Defendants Morton and Knutson. *Id*. at 17-19. These claims are meritless.

**Point 8:** Plaintiff complains of the court's determination that Defendant Morton's claims are barred by the statute of limitations. (Dkt. 58 at 19-20). He asserts that, pursuant to 42 U.S.C. § 1997e(a), the limitations period was tolled, beginning when he commenced his first "exhaustion instrument." *Id*. at 19.

The cited statute, however, does not include any tolling provisions: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Regardless of the statute of limitations, plaintiff failed to show that Defendant Morton personally participated in the alleged violations.

**Point 9:** Plaintiff challenges the court's assessment of his allegations against Defendants Patton, Morton, and Knutson as "vague and conclusory." (Dkt. 58 at 20). Plaintiff again restates the constitutional claims in the complaint, *id*. at 21-22, but the court finds no reason to alter that characterization. Plaintiff's repeated recitation of his allegations does not constitute a constitutional claim.

**Point 10:** Plaintiff alleges the court's Opinion and Order showed a misunderstanding of the facts and controlling law, and Tenth Circuit and Supreme Court rules should be followed in the reconsideration of the court's decision. (Dkt. 58 at 22-23). The court carefully reviewed the record and construed plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, did not relieve plaintiff of his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The determination of this motion to alter or amend the judgment is afforded the same standards.

**Point 11:** Plaintiff complains that the court failed to mention his motion to strike portions of the defendants' motion to dismiss. (Dkt. 58 at 23-25). He alleges he asked the

court to strike certain portions of the motion, because they were "false, misleading and actually scandalous." *Id*. at 23.

The record shows that plaintiff filed a response (Dkt. 46) to the defendants' motion to dismiss (Dkt. 34), and his Motion to Strike Insufficient Affirmative Defenses was improperly filed as an attachment to the response. (Dkt. 34 at 22-48). The court has carefully reviewed the motion to strike and finds plaintiff was asking the court to strike 18 pages of allegedly false statements in the motion to dismiss that contradicted his complaint. (Dkt. 34 at 22). The defendants' contradiction of plaintiff's complaint, however, is part of the litigation process, and plaintiff presented his arguments in his response to the motion to dismiss. There is no merit in this claim.

After careful review, the court finds plaintiff has failed to show he is entitled to relief under Fed. R. Civ. P. 59(e).

**ACCORDINGLY,** plaintiff's motion to alter or amend judgment (Dkt. 58) is DENIED.

**IT IS SO ORDERED** this 2nd day of November, 2015.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma