# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PAUL PEMBERTON, )
               Plaintiff, )
v. ) No. CIV 14-511-JHP-SPS
ROBERT PATTON, et al., )
               Defendants. )

## OPINION AND ORDER

On September 3, 2015, the Court dismissed Plaintiff's civil rights complaint as frivolous (Dkt. 56). On September 28, 2015, he filed a motion to alter or amend the Judgment (Dkt. 58) and a notice of appeal (Dkt. 59). In a detailed Opinion and Order entered on November 2, 2015, the Court denied the Rule 59(e) motion (Dkt. 68). Plaintiff has returned to this Court a third time, now requesting a preliminary injunction pending the outcome of his appeal (Dkt. 71).

Plaintiff is asking the Court to enter the following three orders: (1) an order for the Department of Corrections (DOC) to cease following OP-030115(IV)(D)(5), which sets forth the procedures for photocopying services for documents sent to a court; (2) an order for DOC officials to follow DOC grievance procedures and to add information to rejected grievances to help inmates know specifically what they must correct to properly exhaust their remedies; and (3) an order requiring DOC to allow more legal materials and more time with legal materials. (Dkt. 71 at 8-11).

> Ordinarily, a party seeking a preliminary injunction must satisfy a four-factor test in order to be awarded such temporary relief. The requesting party must demonstrate (1) that it has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable harm unless the preliminary injunction is issued; (3) that the threatened injury outweighs the harm the preliminary injunction might cause the opposing party; and (4) that the preliminary injunction if issued will not adversely affect the public interest. *See Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999). . . .

*Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001).

Preliminary injunctive relief is "an extraordinary and drastic remedy" that courts should deny "unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

The movant's burden is even heavier when the requested relief is disfavored. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). The Tenth Circuit recognizes three types of specifically disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo, (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.* 427 F.3d 1235, 1258-59 (10th Cir. 2005).

The Court finds Plaintiff clearly is requesting a disfavored injunction, because it would be a mandatory injunction that would alter the status quo. Therefore, the proposed injunction would not meet the purpose of preserving the relative positions of the parties. The proposed injunction also is related to issues that were considered and rejected by the Court in Plaintiff's civil rights complaint and his Rule 59(e) motion. Consequently, the Court finds there is not a substantial likelihood of Plaintiff's prevailing on the merits.

The Court further finds Plaintiff has failed to demonstrate he will suffer irreparable harm if a preliminary injunction is not issued, or that the threatened injury outweighs the harm a preliminary injunction might cause the Department of Corrections. In addition, such an injunction would be contrary to the public interest in the efficient functioning of state institutions.

**ACCORDINGLY,** Plaintiff's motion for a preliminary injunction pending the outcome of his appeal (Dkt. 71) is DENIED.

**IT IS SO ORDERED** this 30th day of September 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma